UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN ZACARIAS VELASQUEZ (A-203-524-908),<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN,<br>Respondent. | No. 1:26-cv-07083 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Adan Zacarias Velasquez (A-203-524-908), a native and citizen of Guatemala, who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on March 30, 2019, and was initially detained by Customs and Border Protection inside the United States. On February 11, 2026, petitioner was arrested and re-detained and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a 40-year old citizen and native of Guatemala. (ECF No. 7-1 at 1.) On March 30, 2019, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection. (Id. at 2, 3.) Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (Id.; ECF No. 7-2.) On September 9, 2022, an immigration judge denied petitioner's applications for relief and ordered him removed. (ECF No. 7-3). Petitioner's appeal of that decision to the Board of Immigration Appeals ("BIA") remains pending. (ECF No. 7 at 1; ECF No. 7-4).

On or about February 11, 2026, U.S. Immigration and Customs Enforcement ("ICE") re-detained petitioner following his arrest in Homestead, Florida for battery under Fla. Stat. § 784.03.[4] (ECF No. 7 at 2). Petitioner has been in continuous detention since then. (Id.) On July 27, 2026, an immigration judge denied bond, finding that petitioner is a flight risk. (Id.; ECF No. 7-7).

## II. PROCEDURAL BACKGROUND

On September 3, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) The habeas petition was referred to the assigned magistrate judge. (ECF No. 4). On September 16, 2026, respondent timely filed an opposition. (ECF No. 7.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[4] In addition to his 2026 arrest, petitioner has been arrested two other times: August 1, 2021 for aggravated battery under Fla. Stat. § 784.045 and January 14, 2022 for battery under Fla. Stat. § 784.03. (ECF No. 1 at 2; see ECF No. 7-6)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following:[5] (1) statutory violation beyond the removal period following a final removal order; and (2) the Fifth Amendment due process clause. (ECF No. 1 at 6.)

### A. Statutory Claim (Claim One)

To the extent petitioner contends that he is detained pursuant to 8 U.S.C. § 1231(a), this is incorrect. Petitioner is not detained pursuant to 8 U.S.C. § 1231(a) because his removal order is not administratively final where his appeal to the BIA is pending. See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."). Therefore, the Court recommends denying the petition as to the statutory claim.

///

---

[5] Because petitioner is proceeding pro se, and pro se pleadings are liberally construed, the Court construes petitioner's sufficiency of evidence claim (Claim Three) as part of his Fifth Amendment due process claim. (See ECF No. 1.)

**B. Due Process Claims (Claims Two and Three)**

Petitioner also argues he has a fundamental liberty interest in freedom from imprisonment pursuant to the Fifth Amendment. (ECF No. 1 at 6.) Respondent argues that petitioner's due process claims fail because he is subject to discretionary detention under 8 U.S.C. § 1226(a) and received all due process. (ECF No. 7 at 1) Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under section 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Here, petitioner was given a bond hearing by an immigration judge on July 27, 2026. (ECF No. 7 at 2; ECF No. 7-7). The immigration judge denied bond, finding that petitioner is a flight risk because he is "subject to an Order of Removal on appeal to the BIA." (Id.) Accordingly, the Court recommends that the petition be denied as to the due process claims where petitioner is detained pursuant to § 1226(a) and received a bond hearing before an immigration judge.

**V. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/zaca7083.imm.2241.1226a.deny/10.